1
2
3
4
5
6
7
8

UNITED STATES DISTRICT COURT

9

CENTRAL DISTRICT OF CALIFORNIA

10

11   CLIFFORD CHAUN LOYER,

12                           Petitioner,

13            v.

14

15   PATRICK COVELLO,

16

17                           Respondent.

Case No. 8:21-cv-00233-PSG-JC

~~(PROPOSED)~~

ORDER ACCEPTING FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE

18
19

        Pursuant to 28 U.S.C. § 636, the Court has reviewed the Petition for Writ of

20   Habeas Corpus by a Person in State Custody and accompanying documents

21   ("Petition"), the parties' submissions in connection with respondents' Motion to

22   Dismiss the Petition, and all of the records herein, including the

23   October 26, 2021 Report and Recommendation of United States Magistrate Judge

24   ("Report and Recommendation") and petitioner's objections to the Report and

25   Recommendation ("Objections").  The Court has further made a *de novo*

26   determination of those portions of the Report and Recommendation to which

27   objection is made.

28   ///

1    The Magistrate Judge recommends that the Motion to Dismiss be granted
2  and the Petition and this action be dismissed because petitioner's claims are
3  untimely by more than a year.  The Magistrate Judge found that petitioner failed to
4  demonstrate any grounds for tolling, and he did not satisfy the "actual innocence"
5  exception to AEDPA's statute of limitations because he failed to identify any new,
6  reliable evidence that would cast doubt on his conviction.  See Schlup v. Delo,
7  513 U.S. 298, 324 (1995) (to make a credible claim of actual innocence, a
8  petitioner must "support his allegations of constitutional error with new reliable
9  evidence – whether it be exculpatory scientific evidence, trustworthy eyewitness
10 accounts, or critical physical evidence – that was not presented at trial").  Instead,
11 petitioner's claim of actual innocence rests merely on his unsubstantiated
12 contentions that the arresting officer and the eyewitness had lied in their trial
13 testimony, and that he would have been exonerated if his wife had testified or if
14 certain hypothetical surveillance video footage had been obtained.  (See Petition at
15 4, 7; Opposition Memo at 2; Lodged Doc. 22 at 2-6).  The Magistrate Judge also
16 found that petitioner failed to justify his delay in raising this claim, given that it
17 rests merely on facts he would have known before trial.

18    In the Objections, petitioner continues to assert his claim of actual
19 innocence without any new, reliable evidence.  Instead, he submits his own
20 detailed account of the incident for which he was convicted (Objections at 2-4),
21 and he quotes from what appear to be portions of the trial transcript that he
22 disputes (Objections at 4-7).  Petitioner also explains that he has been attempting
23 to track down his wife for several years to obtain an affidavit from her, without
24 success.  (Objections at 8-9).  He states, however, that he recently heard that she
25 had been located at "the railroad tracks" in Santa Ana, so he asks the Court to give
26 him an additional thirty days for this purpose.  (Objections at 8).

27    As the Magistrate Judge found, petitioner's belated, unsubstantiated
28 contentions are not enough to qualify for the "actual innocence" exception under

Shlup. He has failed to identify any error in the Magistrate Judge's Report and Recommendation. Furthermore, the Court is not persuaded that additional time will enable him to produce any new, reliable evidence in this case, more than three years after his conviction became final. See Schlup v. Delo, 513 U.S. at 332 ("[T]he court may consider how the timing of the submission and the likely credibility of the affiants bear on the probable reliability of that evidence.").

Accordingly, the Court overrules the Objections, and agrees with, approves, accepts and adopts the Report and Recommendation.

IT IS HEREBY ORDERED that (1) the Motion to Dismiss (Docket No. 7) is granted; (2) the Petition and this action are dismissed because petitioner's claims are barred by the statute of limitations, and on the alternative grounds reflected in footnote 6 of the Report and Recommendation; and (3) Judgment shall be entered accordingly.

IT IS FURTHER ORDERED that the Clerk serve copies of this Order and the Judgment herein on petitioner and on respondent's counsel.

IT IS SO ORDERED.

DATED: _11/30/21_

_____

HONORABLE PHILIP S. GUTIERREZ
CHIEF UNITED STATES DISTRICT JUDGE

3